UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**ELECTRICAL CONSTRUCTION INDUSTRY
BOARD, and ROBERT RAYBURN,**

        **Plaintiffs,**

  v.                                                       Case No.

**BRUCE A. JANCZAK,**

        **Defendant.**

_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant Bruce A. Janczak (hereinafter referred to as "Janczak" or "Defendant") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132), in that the Plaintiffs are aggrieved by said Defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. §1132(e)(2)) in that the Plaintiff's Fund is administered and located in Milwaukee County, Wisconsin.

**Parties**

3. Plaintiff Electrical Construction Industry Board consist of employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 115 South 84th Street, Suite 110, Milwaukee, Wisconsin 53214.

4. Plaintiff Robert Rayburn is a Trustee and a fiduciary of the Electrical Construction Industry Board as well as a participant and beneficiary within the meaning of the ERISA (29 U.S.C. §1002 et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Robert Rayburn maintains an office at 115 South 84th Street, Suite 110, Milwaukee, Wisconsin 53214.

5. Defendant Janczak, is an adult resident of the state of Wisconsin. Mr. Janczak resides at 20095 W. Hickory Trail, New Berlin, Wisconsin 53146-3945. Mr. Janczak is the owner and president of Peerless Electric, LLC.

6. Peerless Electric, LLC (hereinafter referred to as "Peerless"), is not a party in this matter, is a domestic limited liability corporation engaged in business with principal offices located at 3415 N. 127th Street, Suite 300, Brookfield, Wisconsin.

**Facts**

7. Peerless is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) of ERISA (29

U.S.C. §§1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. §151, et seq.).

8. For all times relevant, Peerless was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Electrical Construction Association Milwaukee Chapter, N.E.C.A, Inc. and Local Union 494, IBEW (hereinafter "Union").

9. For all times relevant, Peerless was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Electrical Construction Association Milwaukee Chapter, N.E.C.A, Inc. and Local Union 494, IBEW (hereinafter "Union").

10. The Union represents, for purposes of collective bargaining, certain Peerless employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. §151, et seq.).

11. The Labor Agreements described herein contain provisions whereby Janczak agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

12. By execution of said Labor Agreements, Peerless adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Peerless has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

    e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

14. Peerless has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a. failing to make continuing and prompt payments to the Plaintiffs as required by the applicable collective bargaining agreements and trust agreements for all of Defendant's covered employees; and

    b. failing to accurately report employee work status to the

–4–

Plaintiffs.

15. Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

   (i) interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

16. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17. On January 2, 2008, Janczak entered into a Settlement Agreement with

Plaintiffs whereby Janczak agreed that there was due and owing $194,468.96 covering all contributions, interest and liquidated damages for the audit period ending December 31, 2004, as well as, January 1, 2005 to May 31, 2005 and the unpaid portion of the unaudited work months of October and November 2005 plus attorney fees and collection costs listed as follows:

| | |
|---|---:|
| Contributions | $120,273.15 |
| Liquidated Damages | 31,779.02 |
| Interest | 24,763.79 |
| Attorneys Fees/Costs | 17,871.00 |

Said agreement is attached hereto and marked as Exhibit A.

18. Pursuant to the Settlement Agreement, Janczak agreed to pay $136,000.00 towards its delinquencies and remain current in its contributions over a seventeen (17) month period through installments of $8,000.00 from December 10, 2007 through April 10, 2009.

19. Pursuant to the Settlement Agreement Janczak made no payments and failed to remain current.

20. Despite demands that Janczak perform his statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted and refused to make payments. Janczak is now indebted to Plaintiffs for the work months of February through May 2008 in the amount of $267,714.10. Remittance reports as received from Peerless are attached hereto and marked as Exhibit B.

21. As a result of its default of the agreement, Janczak now owes the Plaintiff's $194,468.96, and well as, $267,714.10 in contributions for the work months

February through May 2008, for a total now indebted to the Funds in the amount of $462,183.06.

## Claim One - Against Defendant Peerless, Violation of ERISA §§502 and 515(29 U.S.C. §§1132, 1145)

22. As and for a first claim for relief against Janczak, the Plaintiffs request and reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23. For purposes of this claim (Claim One), the Electrical Construction Industry Board hereinafter referred to as the "Fund".

24. Due demand has been made by the Fund upon Janczak for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

25. Because, as the Fund is informed and believes, Janczak has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Fund's trust funds is reduced, the Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Fund's employee benefit plans have been violated, and the Fund is entitled to all of the remedies provided by ERISA.

26. Because Janczak has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the

Labor Agreements and enjoined from further breaches.

27. The Fund has been damaged in the amounts set forth due to the misappropriation of said Plaintiffs' trust funds.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Fund and against Janczak:

    A. For $462,183.06, representing contributions, interest, liquidated damages, attorney fees and collection costs owed pursuant to the Settlement Agreement and contributions remaining due for the work months February through May 2008;

    B. For unpaid contributions, interest and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 27th day of June, 2008.

/s/ Christopher J. Ahrens
Christopher J. Ahrens (SBN 1043237)
Attorney for Plaintiffs
PREVIANT, GOLDBERG, UELMEN,
GRATZ, MILLER & BRUEGGEMAN, S.C.
1555 North RiverCenter Drive, #202
P. O. Box 12993
Milwaukee, WI 53212
Telephone: 414-271-4500
Fax: 414-271-6308
e-mail: cja@previant.com